THOMAS F. DALEY, Judge.
| ?The plaintiffs have appealed the trial court’s judgment dismissing their claims with prejudice against the defendants, Dorothy Dubea and Footlocker Specialty, Inc. For the reasons that follow, we vacate that judgment.
FACTS:
Plaintiffs, John and Stephanie White, filed suit on behalf of their minor child, Lee White, on June 26, 2000. The plaintiffs alleged that Lee had his ear pierced at Afterthoughts Store No. 8295 at the Lakeside Shopping Center on June 26, 1999, and the ear became infected, resulting in the amputation of a portion of his ear lobe. Named as defendants were Dorothy Dubea and Claire’s Boutiques, Inc. d/b/a Afterthoughts. It was alleged that Ms. Dubea, Lee’s grandmother, was with him at the time of the piercing and gave consent for the procedure. The petition further alleged that Claire’s Boutiques, Inc. d/b/a Afterthoughts was liable under a theory of negligence as owner/operator of the store. Although plaintiffs requested service on Ms. Dubea by letter dated August 28, 2000, the trial court |srecord shows that the citation was returned on September 11, 2000, stating the sheriffs office was unable to serve Ms. Dubea after making five attempts. Following a Motion for Summary Judgment, Clare’s Boutique, Inc. was dismissed with prejudice after establishing that it did not own the Afterthoughts store at the time the piercing occurred. On May 29, 2002, plaintiffs filed their First Supplemental and Amending Petition for Damages naming Venator Group, Inc., Venator Group Canada, Inc., “or” Venator Group Administration, Inc. as defendants. This petition did not name Venator Group Specialty, Inc., the entity which actually operated the Afterthoughts store where the piercing occurred, nor the successor to Venator Group Specialty, Inc., Foot Locker Specialty, Inc. Venator Group Administration, Inc. was served through the Louisiana Secretary of State and service on Venator Group, Inc. was attempted via long arm statute. Service was requested on Ms. Dubea at the time the Supplemental and Amending Petition was filed. The trial court record reflects that on June 6, 2002, the citation was returned as unable to serve Ms. Dubea after making five attempts.
Foot Locker Specialty, Inc. filed an Exception of Insufficient Citation and Service and an Exception of Prescription on December 30, 2003. The trial court granted the Exception of Prescription, dismissing Foot Locker Specialty, Inc. However, on May 25, 2004, the trial court granted plain *1080 tiffs’ Motion for New Trial and denied Foot Locker Specialty, Inc.’s Exception of Prescription. In the interim, on March 26, 2004, plaintiffs filed a Second Supplemental and Amending Petition for Damages, naming Venator Group Specialty, Inc., formerly Foot Locker Specialty, Inc., as a defendant. Service was requested on this defendant through the Secretary of State, as well as Ms. Dubea at the time the petition was filed. On April 26, 2004, the citation for Ms. Dubea was returned as unable to serve Ms. Dubea after five attempts.
|4On June 24, 2004, a status conference was held in this matter. As a result of this conference, the trial court issued a minute entry stating: “After having a status conference with Judge McCabe, the judge requires the following: Plaintiff has 30 days from 6-24-04 to serve Mrs. Dubea or case will be dismissed.” On August 3, 2004, a Motion to Dismiss Ms. Dubea and an Exception of Prescription was filed on behalf of Foot Locker Specialty, Inc. Service of these motions was made on plaintiffs through their attorney of record on August 17, 2004. The motion and exception were granted on September 20, 2004 at the show cause hearing, and a judgment dismissing plaintiffs’ claims against Ms. Du-bea and Foot Locker Specialty Inc. was signed by the trial court on September 24, 2003. Plaintiffs timely appealed this judgment following the denial of their Motion for New Trial.
LAW AND DISCUSSION:
On appeal, plaintiffs argue the trial court erred by ordering plaintiffs to serve Ms. Dubea within 30 days by a minute entry, which was not mailed or served on plaintiffs. In the body of this argument, plaintiffs contend if the trial court wanted to make the thirty day service requirement obligatory on plaintiffs, it should have served or mailed a certified copy of the minute entry to plaintiffs.
An interlocutory judgment determines preliminary matters in the course of an action. C.C.P. art. 1841. The Code of Civil Procedure does not require an interlocutory judgment to be reduced to writing and provides that the rendition of an interlocutory judgment in open court constitutes notice to all parties. C.C.P. art.1914. The minute entry dated June 24, 2004 stating plaintiffs must serve Ms. Dubea within 30 days of June 24, 2004 is an interlocutory judgment. The record reflects that the interlocutory judgment stating “plaintiff has 30 days from 6-24-04 to serve Mrs. Dubea or case will be dismissed” was not rendered in open court. |fiThere is no indication in the record that notice of the minute entry was sent to plaintiff. According to article 1914, notice of this judgment was required to be sent to all parties since the judgment was not rendered in open court. Thus, we find the trial court erred in dismissing plaintiffs claims with prejudice for failure to follow an interlocutory judgment of which the plaintiff did not have proper notice. Our ruling on this issue renders the remainder of plaintiffs assignments of error moot.
For the foregoing reasons, the judgment dismissing plaintiffs claims with prejudice and granting Foot Locker Specialty, Inc.’s Exception of Prescription is vacated and set aside. This matter is remanded to the trial court for further proceedings.

JUDGMENT VACATED; MATTER REMANDED.